UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __22-CR-20464-SCOLA(s)__
18 U.S.C. § 1343
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1957(a)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

TRAVIS DEMOND ROLLINS and
ELROD ANTONIO PHILLIPS,

      **Defendants.**
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Superseding Indictment:

*The Small Business Administration*

1. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

*The Paycheck Protection Program*

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

4. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

5. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

6. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### *The Economic Injury Disaster Loan Program*

7. Another related response to the COVID-19 outbreak was an expansion of an existing disaster-related program – the Economic Injury Disaster Loan ("EIDL") – to provide for loan assistance (including $10,000 advances) for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds could have been used to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the disaster not occurred; however, such loan proceeds were not intended to replace lost sales or profits, or for the expansion of a business.

8. Unlike certain other types of SBA-guaranteed loans, EIDL funds were issued directly from the United States Treasury, and applicants applied for EIDL funds directly through the SBA via an online portal and application. The EIDL application process, which also used certain outside contractors for system support, collected information concerning the business and the business owner, including: information about the gross revenues for the business prior to January 31, 2020; and the cost of goods sold. Applicants electronically certified that the information provided was true and accurate and were warned that any false statement or misrepresentations to the SBA, or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

9. The SBA may decline an applicant for an EIDL if an owner of the business had been convicted of a felony within the past five years. The business applicant had to certify on the

EIDL application whether any listed owner of the business, for any felony, had been convicted, pleaded guilty, pleaded nolo contendere, been placed on pretrial diversion, or been placed on any form of parole or probation, within the last five years.

10. EIDL applications were received in and processed using computer servers located in the states of Iowa, Virginia, and Washington. EIDL disbursement payments were initiated by the SBA using computer servers located in the state of Colorado, which transmitted the payment information to the Treasury using computer servers located in the state of Virginia.

**The Defendants, Related Entities, and Individuals**

11. All Items Moved, Inc. was a corporation organized under the laws of the State of Florida and was originally incorporated on or about March 26, 2019. Its listed principal address is in Miami-Dade County, Florida. The corporation was administratively dissolved because it failed to file its 2021 annual report.

12. Defendant **TRAVIS DEMOND ROLLINS**, a resident of Miami-Dade County, Florida, was listed as the sole director of All Items Moved, Inc.

13. Lender 1 was a financial institution based in Berkeley Heights, New Jersey and was an approved SBA lender of PPP loans.

14. Bank 1 was a financial institution with branches in Florida.

15. Bank 2 was a financial institution with branches in Florida.

16. Defendant **ELROD ANTONIO PHILLIPS** is a resident of Miami-Dade County, Florida

**COUNTS 1–4**
**Wire Fraud**
**(18 U.S.C. § 1343)**

1. The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

4

2. On or about April 3, 2020, through on or about April 26, 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**TRAVIS DEMOND ROLLINS,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE SCHEME AND ARTIFICE

3. It was the object of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and grants made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including a PPP loan and EIDL; and (b) diverting fraud proceeds for the defendant's and his accomplices' personal use, the use and benefit of others, and to further the fraud.

## THE SCHEME AND ARTIFICE

The manner and means by which the defendant and his accomplices sought to accomplish the object and purpose of the scheme and artifice included, among others, the following:

4. **TRAVIS DEMOND ROLLINS** and others submitted and caused the submission of false and fraudulent PPP loan and EIDL applications, on behalf of All Items Moved, Inc., using the Miami, Florida address and All Items Moved, Inc.'s EIN, via interstate wire communications.

5. In furtherance of the scheme, **TRAVIS DEMOND ROLLINS** submitted and

5

caused the submission of false and fraudulent information and documentation in support of the PPP and EIDL loan applications, including falsified Internal Revenue Service ("IRS") forms, falsified bank statements and payroll tax forms, among other things, and falsely and fraudulently represented All Items Moved, Inc.'s number of employees, amount of monthly payroll, and amount of gross revenue.

6. In the EIDL application, **TRAVIS DEMOND ROLLINS** falsely represented himself as "P.R." and applied for the EIDL in "P.R.'s" name and title as owner of All Items Moved, Inc. without "P.R.'s" authorization, when in truth and in fact, as **ROLLINS** then and there well knew, he was not authorized to represent himself as "P.R." on any loan documentation.

7. As a result of the false and fraudulent PPP loan applications submitted as part of this scheme, Lender 1 approved a PPP loan for All Items Moved, Inc., and disbursed the loan proceeds in the approximate amount of $140,625 into All Items Moved, Inc.'s Bank 1 account ending in 3230, via interstate wire transmission.

8. As a result of the false and fraudulent EIDL loan applications submitted as part of this scheme, the SBA approved an EIDL loan for All Items Moved, Inc., and disbursed the EIDL loan proceeds in the approximate amount of $37,400 into All Items Moved, Inc.'s Bank 1 account ending in 3230, via interstate wire transmission.

9. **TRAVIS DEMOND ROLLINS** and his accomplices used the proceeds from the fraud scheme to enrich themselves and others, and to further the scheme.

## USE OF WIRES

10. On or about the dates specified below, in the Southern District of Florida, and elsewhere, **TRAVIS DEMOND ROLLINS** for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses,

representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | April 3, 2020 | Electronic transmission of EIDL application on behalf of All Items Moved, Inc., causing a wire transmission from the Southern District of Florida to outside the State of Florida |
| 2 | June 22, 2020 | Deposit in the amount of $37,400 from SBA to the Bank 1 account ending in 3230 controlled by All Items Moved, Inc., causing a wire transmission from outside the State of Florida to the Southern District of Florida |
| 3 | March 18, 2021 | Electronic transmission of a PPP loan application on behalf of All Items Moved, Inc., causing a wire transmission from the Southern District of Florida to outside the State of Florida |
| 4 | April 8, 2021 | Deposit in the amount of $140,625 from Lender 1, in Berkeley Heights, New Jersey, to the Bank 1 account ending in 3230 controlled by All Items Moved, Inc., causing a wire transmission from outside the State of Florida to the Southern District of Florida |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 5
**Money Laundering**
**(18 U.S.C. § 1957(a))**

1. The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about July 29, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**TRAVIS DEMOND ROLLINS,**

did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce, by, through, and to a financial institution, such transaction involving criminally derived property of a value greater than $10,000, that is, the purchase of a cashier's

check #9551615992 in the approximate amount of $15,000, drawn on All Items Moved, Inc.'s Bank 1 account ending in 3230 in the name of "NAVISTAR INC.," and such property having been derived from a specified unlawful activity, and knowing that the property involved in the monetary transactions represented the proceeds of some form of unlawful activity.

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957(a) and 2.

## COUNTS 6–9
## Money Laundering
## (18 U.S.C. § 1956(a)(1)(B)(i))

1. The General Allegations section of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**TRAVIS DEMOND ROLLINS and
ELROD ANTONIO PHILLIPS,**

as specified in each count below, did knowingly conduct and attempt to conduct financial transactions, which affected interstate commerce, and which involved the proceeds of specified unlawful activity, knowing that the property involved represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity:

| COUNT | APPROXIMATE DATE | DEFENDANT(S) | FINANCIAL TRANSACTION |
|---|---|---|---|
| 6 | April 9, 2021 | TRAVIS DEMOND ROLLINS and ELROD ANTONIO PHILLIPS | A wire transfer in the approximate amount of $5,000 from Bank 1 account ending in 3230 controlled by All Items Moved, Inc., to a Bank 2 account ending in 1711 in the name of ELROD PHILLIPS. |
| 7 | April 15, 2021 | TRAVIS DEMOND ROLLINS and ELROD ANTONIO PHILLIPS | A wire transfer in the approximate amount of $4,300 from Bank 1 account ending in 3230 controlled by All Items Moved, Inc., to a Bank 2 account ending in 1711 in the name of ELROD PHILLIPS. |
| 8 | April 24, 2021 | TRAVIS DEMOND ROLLINS and ELROD ANTONIO PHILLIPS | A wire transfer in the approximate amount of $4,550 from Bank 1 account ending in 3230 controlled by All Items Moved, Inc., to a Bank 2 account ending in 1711 in the name of ELROD PHILLIPS. |
| 9 | April 26, 2021 | TRAVIS DEMOND ROLLINS | A wire transfer in the approximate amount of $3,900 from Bank 1 account ending in 3230 controlled by All Items Moved, Inc., to a Bank 2 account ending in 4631 in the name of "C.W." |

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 10
**Aggravated Identity Theft**
**(18 U.S.C. § 1028A(a)(1))**

On or about June 19, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**TRAVIS DEMOND ROLLINS,**

during and in relation to a felony violation of Title 18, United States Code, Section 1343, that is, wire fraud as charged in Counts 1–2 of this Superseding Indictment, did knowingly transfer,

possess, and use, without lawful authority, the means of identification of another person, that is, the Name and Birthdate of "P.R.," in violation of Title 18, United States Code, Section 1028A(a)(1).

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
JONATHAN BAILYN
ASSISTANT UNITED STATES ATTORNEY