United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Criminal Case No. 22-20464-RNS |
| | ) | |
| Travis Demond Rollins, Defendant | ) | |

### Order Denying Motion for New Trial

On March 22, 2023, the Court adjudicated Travis Demond Rollins guilty of four counts of wire fraud, one count of transactional money laundering, four counts of concealment money laundering, and one count of aggravated identity theft, after the jury returned its verdict. (Verdict, ECF No. 77.) Relying on Federal Rule of Criminal Procedure 33, Rollins now asks the Court for a new trial, complaining (1) the Court improperly denied Rollins's motions to strike potential jurors for cause who indicated they could not be fair based on his previous felony conviction; (2) his co-defendant's name should have been redacted from the superseding indictment and the Government's trial box before being provided to the jury; (3) based on a lack of evidence, he should have been granted a motion for judgment of acquittal on count ten of the superseding indictment, charging him with aggravated identity theft; and (4) the Court improperly expanded the jury instructions on wire fraud in response to a jury instruction. (Def.'s Mot., ECF No. 89.) The Government has responded, setting forth its opposition to all four arguments (Gov't's Resp., ECF No. 101.) The Court has carefully reviewed Rollins's submission, as well as the Government's response, the record, and the relevant legal authorities and **denies** Rollins' motion for a new trial (**ECF No. 89**).

1. **Legal Standard**

As set forth in Rule 33, upon a defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Although a district court's decision to grant a new trial is discretionary, the Eleventh Circuit submits such a decision to particularly close scrutiny. *United States v. Hernandez,* 433 F.3d 1328, 1336 (11th Cir. 2005). "[A] district court may not reweigh the evidence and set aside the verdict simply because it feels that some other result would be more reasonable . . . The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Martinez,* 763 F.2d 1297, 1312–13 (11th Cir. 1985) (cleaned up) (reversing a district court's decision to grant new trial and noting that "[c]ourts are to grant [new

trials] sparingly and with caution, doing so only in those really 'exceptional cases.'").

### 2. Discussion

As set forth below, Rollins's claims all miss the mark. The Court has previously addressed his arguments during his trial and he fails to cite any new legal authority in support of his motion. Further, the jury rendered a just verdict, based on the evidence presented and properly admitted at trial.

#### A. The Court's denial of Rollins's for-cause strikes does not warrant a new trial.

Rollins maintains that, during voir dire, "the Court denied [his] various motions to strike potential jurors for cause who had indicated they could not be fair to a defendant," like Rollins, "with a previous felony conviction during jury selection." (Def.'s Mot. at 1.) Accordingly, says Rollins, he was "forced" "to utilize p[er]emptory strikes." (*Id.* at 2) As result, Rollins claims, he was deprived of "the ability to strike other jurors in a failed effort to keep biased jurors off the petit jury." (*Id.*) Rollins's argument is unavailing.

During voir dire, the Court informed the jurors that Rollins was a convicted felon, pursuant to the Government's use of his conviction under Rule 404 of Federal Rule of Evidence. The Court emphasized that the conviction could only be used for certain purposes (which was explained in more detail through the Court's instruction at trial). Based on their responses during voir dire and in their jury questionnaires, none of the selected jurors indicated that they would be biased against Rollins in light of his conviction. Any prospective jurors who indicated that they could not be impartial due to the conviction were either excused for cause or via a peremptory challenge.

As the Eleventh Circuit has made plain, "[i]t is not reversible error for a district court to deny a party's motion to strike for cause, thus forcing the party to 'use up' its peremptory strikes." *Austin v. FL HUD Rosewood LLC*, 791 F. App'x 819, 827 (11th Cir. 2019). Importantly, Rollins does not contend that any of the *selected jurors* were in fact biased against him based on his prior conviction. Indeed, he supplies no record support or even specific argument that any of the selected jurors indicated that they would be biased given Rollins's previous conviction.

Rollins's position focuses only on the use of his peremptory challenges because the Court denied some of his motions to strike *prospective jurors*. Rollins's argument is purely speculative: he provides no support for his theory that, had the Court excused these purportedly biased jurors—none of whom he even identifies—then that would have changed the jury composition. But the

United States Supreme Court has firmly "reject[ed] the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury." See *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988). In the end, Rollins's Sixth Amendment claim based on losing preemptory challenges ultimately falls flat as it fails to "focus . . . on the jurors who ultimately sat" on the jury. *Id.* at 86.

### B. Rollins is not entitled to a new trial based on the jury's exposure to his co-defendant's name.

Rollins also seeks a new trial based on the jury's exposure to the name of his co-defendant, Elrod Phillips, within a copy of the unredacted indictment and a trial box which were both provided to the jury during their deliberations. The Court is not persuaded.

When a jury is exposed to extraneous material, or material not in evidence, the law requires a new trial "if the exposure poses a reasonable possibility of prejudice." *United States v. Khanani*, 502 F.3d 1281, 1291 (11th Cir. 2007). Here, the exposure was the co-defendant's name in the superseding indictment and on one of the exhibit boxes the Government sent back to the jury room during deliberations. Other than Rollins's perfunctory claims of prejudice, harm, and unfairness, he fails to establish any reasonable possibility that this exposure improperly influenced the jury's verdict. Throughout the government's case in chief, Phillips was identified as Rollins's accomplice and several exhibits were introduced that named Phillips, including fraudulent tax documents signed by Phillips and electronic money transfers to Phillips after the Paycheck Protection Program ("PPP") funds were disbursed.

As such, "the exposure of any juror to the unredacted indictment would not have provided that juror with factual information to which the juror did not already properly have access." *United States v. Siegelman*, 640 F.3d 1159, 1184 (11th Cir. 2011) (finding that the district court did not abuse its discretion in denying defendants motion for a new trial based on the jury's exposure to an unredacted indictment). Without any factual basis or legal support, Rollins's arguments for a new trial on this basis are unavailing.

### C. The evidence presented during the Government's case in chief was sufficient to establish that Rollins committed aggravated identity theft.

Rollins maintains that he should have been granted a judgment of acquittal as to count ten, charging him with aggravated identity theft, because "the alleged victim of the ID theft"—P.R.—"testified that he was 'OK' with the

loan received through the use of his ID information." (Def.'s Mot. at 3.) The Court disagrees.

Following a multiple-day trial, the jury determined that Rollins submitted fraudulent applications for both an Economic Injury Disaster Loan ("EIDL"), where he impersonated P.R., and a PPP Loan. Based upon the fraudulent misrepresentations in those applications, Rollins received COVID-relief funds and wired a portion of these funds to multiple people, including those who aided him in the criminal conduct. The Government introduced a significant amount of evidence supporting the charged conduct, including seven witnesses and nearly forty exhibits. (*See* ECF Nos. 82, 85-88.) Notably, P.R. testified that he was the owner of the transportation company at issue, All Items Moved, Inc., and unaware that his identity was used in the EIDL application that Rollins submitted. P.R. testified that he did not authorize Rollins to apply for an EIDL or PPP loan on All Items Moved's behalf. Further, All Items Moved's company attorney, Jay Beskin, also testified and corroborated P.R.'s ownership of All Items Moved and his lack of knowledge regarding Rollins's impersonating P.R.

Ultimately then, at trial, the Government proved that Rollins used P.R.'s name and birthdate without lawful authority, supporting his conviction. Rollins makes no showing that the evidence in this case preponderates heavily against the verdict. To the contrary, the Government presented P.R.'s own testimony that he did not authorize or have knowledge of Rollins's using his personal information in applying for the EIDL at issue.

Rollins improperly focuses on the fact that P.R. was aware of an underlying business grant that Rollins lied about in disguising All Items Moved's EIDL application. According to Rollins's theory, P.R. authorized Rollins's conduct because P.R. did not try to prevent him from applying for a business grant. This is factually inaccurate. P.R. never "OK[ayed]" or allowed Rollins to apply for the EIDL loan, and, as set forth above, P.R. testified several times that he did not want any loans in the business's or P.R.'s name. He even testified that he prevented Rollins from applying for a car loan because he was adamant, as All Items Moved's business owner, that the company should not have any loans under its name. P.R. did not provide Rollins with lawful authority to apply for this business loan and, in that same breath, use P.R.'s name and birthdate in a business loan. As such, P.R.'s testimony and the documentary evidence fully support the government's theory that Rollins knowingly and willfully used P.R.'s name and personal information without P.R.'s knowledge in the fraudulent EIDL application, in violation 18 U.S.C. § 1028A(a)(1). Rollins did not overcome the government's theory of prosecution or

the weight of the evidence against him. In short, the evidence does not preponderate heavily against the verdict.

### D. The Court properly instructed the jury as to the elements of wire-fraud.

Lastly, Rollins maintains he is entitled to a new trial because the Court, "in responding to a question from the jury," "gave an expanded answer, outside of the scope of the question, and added additional jury instructions," over Rollins's objections. (Def.'s Mot. at 3.) Rollins's argument misses the mark.

After closing arguments, the Court provided the jury with instructions that contained, among other things, the elements of wire fraud. (*See* ECF No. 70.) During their deliberations, the jury submitted a question regarding the wire-fraud instructions and asked whether personal gain could be considered in determining Rollins's intent to defraud. (Jury Note and Court Resp., ECF No. 75.) Over Rollins's objection, the Court responded that personal gain is not a wire-fraud element and also noted that "if a defendant knowingly and intentionally uses false and fraudulent representations to deceive a lender into approving a loan, the issuance of a loan based upon those knowingly false representations is a loss or injury . . . ." (*Id.*) This response was legally correct, straight forward, and based on the Court's instructions to the jury. Aside from his conclusory claims of impropriety, prejudice, and the denial of due process, Rollins fails to show that the Court in any way abused its discretion.

"District courts have considerable discretion regarding the extent and character of supplemental jury instructions, but the supplemental instructions cannot misstate the law or confuse the jury." *United States v. Joyner*, 882 F.3d 1369, 1375 (11th Cir. 2018); *see also United States v. Graham*, 484 F.3d 413, 420–21 (6th Cir. 2007) (recognizing that "it is sometimes necessary and proper for the trial court to re-charge a jury to correct possible misunderstandings based on the original instruction given" and that the court has a duty "to instruct the jury on the law of the case"); *Arizona v. Johnson*, 351 F.3d 988, 994 (9th Cir. 2003) ("[A] trial judge, as governor of the trial, enjoys wide discretion" which "carries over to a trial judge's response to a question from the jury.").

Here, the Court fashioned a response that accurately recited the law and properly informed the jury that "personal gain" should not be considered an element of wire fraud. (Jury Note and Court Resp. at 2.) The Court made plain that "personal gain" can be a motivation to do an act but to prove wire fraud, the Government is not required to prove "personal gain" so if the defendant "knowingly and intentionally uses false and fraudulent representations to deceive a lender into approving a loan, the issuance of a loan based upon those

knowingly false representations is a loss or injury regardless of whether the defendant had any personal gain." (*Id.*) The Court disagrees with Rollins's contention that the Court's "expanded answer" added additional prejudicial instructions. The Court's answer aligns with well-established precedent as it instructs the jury that Rollins's PPP and EIDL misrepresentations have to be done with an intention to cause harm (in other words, the issuance of a loan). Rollins also fails to specifically articulate how the jury was improperly instructed or how the instruction was applied in an improper manner. In sum, he fails to show that the Court abused its discretion.

### 3. Conclusion

For the reasons set forth above, the Court **denies** Rollins's motion for a new trial (**ECF No. 89**).

**Done and ordered**, in Miami, Florida, on May 26, 2023.

_____
Robert N. Scola, Jr.
United States District Judge